UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARNELL GRANT,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> SECURITAS SERVICES USA, INC.,  ) <br> ) <br> Defendant.  ) <br> ) | CIVIL ACTION No. 11-cv-40118-TSH |

ORDER
February 1, 2013

**HILLMAN, J.**

Before the Court is Securitas Services USA, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted (Docket No. 27). Defendant terminated at-will employee Arnell Grant ("Plaintiff") after a report from the Criminal Offender Record Information ("CORI") database revealed that Plaintiff had been convicted of a prior felony. Although Plaintiff does not dispute this conviction, he nevertheless argues that his termination was improper because the conviction was from nearly thirty years ago.

At the motion hearing held on January 31, 2013, Plaintiff presented the Court with a copy of his most recent CORI report (Docket No. 21) as well as a document from the Massachusetts Department of Criminal Justice Information Services ("DCJIS") which outlines recent changes to the CORI system enacted under the General Laws of Massachusetts. Plaintiff's current CORI report states that he has "NO AVAILABLE CORI." Under the recent changes to the CORI laws,

which officially took effect on May 4, 2012, certain employers that perform employee background checks are only permitted to review results of a "felony conviction for 10 years following the disposition thereof, including termination of any period of incarceration or custody." G.L. ch. 6, § 172(a)(3). The current state of the law, however, does not apply to businesses like Defendant which provide security services.

In order for Defendant to operate as a "business of watch, guard or patrol agency" it must be licensed under the laws of Massachusetts. *Id.* ch. 147, § 23. As a mandatory condition of obtaining that license, companies like Defendant are prohibited from "knowingly employ[ing] in connection with [their] business in any capacity any person who has been *convicted of a felony*." *Id.* § 28 (emphasis added). Moreover, applicants like Plaintiff are required to answer truthfully that they have "not been convicted of a felony." *Id.* Even the recent amendments to the CORI system, which form the gravamen of Plaintiff's entire argument, mandate that companies like Defendant "obtain criminal offender record information . . . to the extent and for the purposes authorized *to comply with said statue*," i.e., G.L. ch. 147, § 28. *Id.* ch. 6, § 172(a)(2) (emphasis added).

Accepting the factual accounts contained in the Amended Complaint as true and drawing all reasonable inferences in his favor, Plaintiff cannot state a claim upon which relief can be granted. Although I am sympathetic to Plaintiff's situation, I am compelled to apply the laws of Massachusetts as they are written. For that reason, I hereby **DISMISS** Plaintiff's action with prejudice.

IT IS SO ORDERED.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**